# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2021

Lyle W. Cayce
Clerk

No. 19-60537
Summary Calendar

Mohammed Alamin,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General,*

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 216 612 772

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Mohammed Alamin, a native and citizen of Bangladesh, seeks review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the Immigration Judge (IJ) denying asylum, withholding of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

removal, and relief under the Convention Against Torture (CAT).  For the following reasons, the petition for review is denied.

First, Alamin failed to show that he was substantially prejudiced by the IJ's failure to provide him with additional time to submit documents or to accept late-submitted documents.  To prevail on a due process claim, an alien must establish a fundamental procedural error and make an initial showing of substantial prejudice by demonstrating that the alleged error affected the outcome of the proceedings.  *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018).  The IJ did not find that Alamin lacked credibility due to missing corroborating documents, but rather, due to the numerous inconsistencies in Alamin's statements throughout the immigration proceedings.  Accordingly, there is no evidence that the alleged error had any affect on the outcome of the proceedings.  *See id.*

Next, the IJ properly determined that Alamin lacked credibility.  Credibility determinations are factual findings that are reviewed for substantial evidence.  *See Wang v. Holder*, 569 F.3d 531, 536-40 (5th Cir. 2009).  The substantial evidence standard requires that the decision (1) be based on the evidence presented and (2) be substantially reasonable.  *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).  Under the substantial evidence standard, this court may not reverse an immigration court's factual findings unless the evidence "compels" such a reversal—i.e., the evidence must be "so compelling that no reasonable factfinder could conclude against it." *Wang*, 569 F.3d at 536-37.  Alamin, who was unable to explain the numerous inconsistencies in his account presented throughout the record, failed to establish that the evidence compels a reversal of the IJ's adverse credibility determination.  Thus, he could not meet his burden for asylum or withholding of removal. *See Zhang v. Gonzales*, 432 F.3d 339, 345 (5th Cir. 2005).

No. 19-60537

Additionally, a record of a credible fear interview that is not a verbatim transcript can be sufficiently reliable to make an adverse credibility determination. *Singh v. Sessions*, 880 F.3d 220, 226 (5th Cir. 2018). The credible fear notes at issue are sufficiently indicative of reliability. *See id.* Moreover, none of Alamin's arguments regarding the reliability of the credible fear notes explain the many omissions and inconsistencies between his other prior statements, applications, and testimony before the IJ.

Lastly, Alamin's CAT claim was based on the same testimony that the IJ found not credible. The IJ's proper adverse credibility determination also establishes that Alamin did not meet his burden of proof for CAT protection. *See Dayo v. Holder*, 687 F.3d 653, 659 (5th Cir. 2012) ("[B]ecause the same lack of evidence means that Dayo cannot show he will be tortured, he is not entitled to relief under the CAT.").

PETITION FOR REVIEW DENIED.